E-filing

1  SIDNEY J. COHEN, ESQ., State Bar No. 39023
   SIDNEY J. COHEN PROFESSIONAL CORPORATION
2  427 Grand Avenue
   Oakland, CA 94610
3  Telephone: (510) 893-6682

4  Attorneys for Plaintiff
   CAROLYN MARTIN

**FILED**

DEC 19 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF COURT
OAKLAND CALIFORNIA

5              UNITED STATES DISTRICT COURT                ADR

6              NORTHERN DISTRICT OF CALIFORNIA

7  CAROLYN MARTIN                    CASE NO. **C08-05689**

8          Plaintiff,               Civil Rights

9  V.                               **C O M P L A I N T   F O R**
                                    **P R E L I M I N A R Y   A N D**
10                                  **PERMANENT   INJUNCTIVE**
   RESTAURANTS   UNLIMITED,         **RELIEF   AND   DAMAGES:**
11 INC. and DOES 1-25, Inclusive,   **DENIAL OF CIVIL RIGHTS AND**
                                    **PUBLIC   FACILITIES   TO**
12         Defendants.              **PHYSICALLY   DISABLED**
   _____/  **PERSONS, (§54, §54.1, §55 CIVIL**
13                                  **CODE;   §19955   ff   HEALTH   &**
                                    **SAFETY   CODE);   INJUNCTIVE**
14                                  **RELIEF   PER   TITLE   III,**
                                    **A M E R I C A N S   W I T H**
15                                  **DISABILITIES ACT OF 1990,**
                                    **42 USC §§12181. et. seq.**
16
17                                  **DEMAND FOR JURY TRIAL**
18
19
20
21
22
23
24
25
26
27
28

GU 44 SEC. N
NOTICE OF ASSIGNMENT
TO MAGISTRATE JUDGE SENT

1    Plaintiff CAROLYN MARTIN complains of Defendants above named, and

2  each of them, and  alleges as follows:

3  **FIRST CAUSE OF ACTION:  DAMAGES AND INJUNCTIVE RELIEF
   FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC**
4  **ACCOMMODATION:  PUBLIC FACILITIES IN A RESTAURANT
   (§§19955 Et.  Seq., Health & Safety Code, §54.1 Civil Code)**

5

6    1.    Ms. Martin  is a "person with a disability" or "physically handicapped

7  person."[1]  Ms. Martin  requires the use of a wheelchair for locomotion and is unable

8  to use portions of public facilities which are not accessible to disabled persons who

9  require the use of a wheelchair.

10    2.    **SUMMARY**:  This case  involves  the  denial  of  disabled  accessible

11  paths of travel, entry, bar, dining area, restrooms, and related facilities to Ms. Martin

12  and other  disabled persons at the Horatio's Restaurant, 60 San Leandro Marina, San

13  Leandro, California.  Ms. Martin  was denied equal protection of the law and was

14  denied Civil Rights under both California law and federal law.  Ms. Martin was

15  denied her rights to full and equal access at the Restaurant  because it was not, and

16  is not, properly accessible to  disabled persons such as  Ms.  Martin who use

17  wheelchairs.  Ms. Martin seeks injunctive relief to require that  Defendants  make

18  the Restaurant and related facilities accessible to disabled persons and to ensure that

19  any disabled person who attempts to use the  Restaurant and its facilities  will be

20  provided accessible paths of travel, entry, bar, dining area,  restrooms, and related

21  facilities. Ms. Martin also seeks recovery of damages for her physical and personal

22  injuries and discriminatory experiences  and seeks recovery of reasonable attorneys'

23  ──────────────

24    [1]  (Hereinafter, the words "physically handicapped" and "physically disabled"
   are used interchangeably as these words have similar or identical common usage and
25  legal meaning, but the legislative scheme in Part 5.5 Health & Safety Code uses the
   term "physically handicapped persons," and the statutes protecting "Blind and other
26  physically disabled persons," §§54, 54.1, 54.3 and 55 Civil Code and other statutory
   measures refer to the protection of the rights of "individuals with disabilities.")
27

28  ──────────────

1 | fees, litigation expenses and costs, according to statute.

2 |     3.    **JURISDICTION:**   This Court has jurisdiction of this action pursuant
3 | to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42
4 | USC 12101 *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of
5 | action arising from the same facts are also brought under California law, including
6 | but not limited to violations of California Government Code §4450, *et. seq.*, Health
7 | & Safety Code §19955 *et seq.*, including §19959; Title 24 California Code of
8 | Regulations; and California Civil Code §§ 54, 54.1 and 55.

9 |     4.    **VENUE:**   Venue is proper in this court pursuant to 28 USC 1391(b)
10 | and is founded on the fact that the real property which is the subject of this action is
11 | located in this district and that Ms. Martin's causes of action arose in this district.

12 |     5.    **INTRADISTRICT:** This case should be assigned to the San Francisco
13 | intradistrict as the real property which is the subject of this action is located in said
14 | intradistrict and Ms. Martin's causes of action arose in said intradistrict.

15 |     6.    Defendants and DOES 1-10, Inclusive, are the owners, operators,
16 | lessors, and/or lessees of the subject Restaurant and facility. This building is a
17 | "public accommodation or facility" subject to the requirements of California Health
18 | & Safety Code §19955 et seq. and of the California Civil Code, §54, et seq. On
19 | information and belief, this facility has, since July 1, 1970, either been constructed
20 | and/or undergone "alterations, structural repairs, or additions" subjecting such
21 | restaurant to disabled access requirements per §19959 Health & Safety Code.

22 |     7.   The true names and capacities of Defendants DOES 11 through 25,
23 | Inclusive, are unknown to Ms. Martin who therefore sues said Defendants by such
24 | fictitious names; Ms. Martin is informed and believes that each of the Defendants
25 | herein designated as a DOE is legally responsible in some manner for the events and
26 | happenings herein referred to and caused injury and damages proximately thereby
27 | to Ms. Martin. Ms. Martin prays leave of Court to amend this Complaint to show

28

1 such true names and capacities when the same have been ascertained.

2     8.    Defendants and DOES 1-10, Inclusive, are and/or were the owners,
3 operators, lessors, and/or lessees of the subject Restaurant and facility during all
4 times relevant to this Complaint. Ms. Martin is informed and believes that each of
5 the Defendants herein is the agent, employee or representative of each of the other
6 Defendants, and performed all acts and omissions stated herein within the scope of
7 such agency or employment or representative capacity and is responsible in some
8 manner for the acts and omissions of the other Defendants in proximately causing
9 the damages complained of herein.

10     9.    Ms. Martin and other similarly situated physically disabled persons
11 who require the use of a wheelchair are unable to use public facilities on a "full and
12 equal" basis unless each such facility is in compliance with the provisions of the
13 Health & Safety Code §19955 et. seq. Ms. Martin is a member of that portion of the
14 public whose rights are protected by the provisions of §19955 et seq. Health &
15 Safety Code. The acts and omissions of Defendants complained of herein were
16 committed in San Leandro, Alameda County, State of California.

17     10.    §19955 Health & Safety Code was enacted "To ensure that public
18 accommodations or facilities constructed in this state with private funds adhere to
19 the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the
20 Government Code." Such public accommodations are defined to include
21 Restaurants. §19955 Health & Safety Code also requires that "When sanitary
22 facilities are made available for the public, clients or employees in such
23 accommodations or facilities, they shall be made available for the physically
24 handicapped." Title 24, California Code of Regulations, formerly known as the
25 California Administrative Code, was in effect at the time of each alteration which,
26 on information and belief, occurred at such public facility since July 1, 1982, thus
27 requiring access complying with the specifications of Title 24 whenever each such

28

1   "alteration, structural repair or addition" is carried out.  On information and belief,
2   the original construction of the building and/or alterations, structural repairs, or
3   additions which additionally triggered access requirements  occurred between July
4   1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American
5   Standards Association) Regulations then in effect.

6           11.    On or about October 2, 2007 Ms. Martin, who requires a wheelchair
7   for mobility, and her care giver, Sharon Perry, arrived at  the Restaurant in Ms.
8   Martin's van to celebrate Ms. Perry's birthday. On her way to the restaurant
9   entrance, Ms. Martin encountered a ramp which did not have wheel guides. After
10  entering the Restaurant, Ms. Martin and her care giver proceeded to the Bar area for
11  happy hour appetizers and drinks. Upon arrival in the bar area, Ms. Martin was faced
12  with several barriers to access for persons such as herself who use wheelchairs,
13  including an aisle between the bar and the fixed table seating which was too narrow
14  to permit her to wheel through the area, tables which did not have sufficient space
15  underneath for wheelchairs, and a lowered portion of the bar area which was
16  obstructed by a column, all in violation of federal and state disabled access laws and
17  regulations. Ms. Martin and Ms. Perry were seated at a table near the window which,
18  as with all other tables, did not have sufficient space underneath for wheelchairs,
19  which forced Ms. Martin to sit at the table sideways for the duration of her time at
20  the Restaurant.

21          12.    During her time  at the Restaurant,  Ms. Martin needed to use the
22  women's restroom twice, first to wash her hands and later to use the toilet. Ms.
23  Martin proceeded to the restroom the first time by herself. Upon arriving, Ms. Martin
24  had difficulty opening the door to the restroom, and she needed help with the door
25  to get inside . Once inside, Ms. Martin encountered a  lavatory which  lacked  knee
26  space underneath, which prevented her from properly accessing the lavatory in her
27  wheelchai,r and a  a soap dispenser which was too high. These barriers to access

28

Complaint for Damages and Injunctive Relief          -4-

1  made it very difficult for Ms. Martin to wash her hands. When she tried to exit the
2  restroom, Ms. Martin again had a difficult time with the door: while she was
3  struggling to get out, an employee or a customer observed her predicament and
4  opened the door for her.

5      13.    When Ms. Martin returned to her table, she and Ms. Perry had
6  appetizers and drinks. Because of the difficulties with the restroom that Ms. Martin
7  encountered on her first visit tot he restroom, Ms. Perry accompanied Ms. Martin to
8  the restroom on her second visit and helped her with the door. Once inside the
9  restroom, Ms. Martin tried without success to use the toilet, which was not accessible
10 to her because the toilet stall was too narrow, had a broken automatic closing device,
11 had a door latch of a twist type which made it difficult to open, had an interior of the
12 toilet stall door with a loop handle, had a toilet which was mounted too far from the
13 adjacent wall, had a flush valve on the narrow side of the toilet, had a toilet stall with
14 no rear grab bar, and had a toilet stall door which did not have proper strike side
15 clearance on the pull side of the door. Because she was unable to use the toilet, Ms.
16 Martin suffered an urination accident.

17     14.    In addition to the above barriers to access, the Restaurant lacked proper
18 disabled accessible signage and had a majority of customer seating on levels that
19 were inaccessible to persons who require the use of a wheelchairs. On information
20 and belief, the men's restroom also is not accessible to persons who require the use
21 of a wheelchair in particulars similar to and in addition to those in the women's
22 restroom.

23     15.    Further, any violation of the Americans With Disabilities Act of 1990,
24 (as pled in the Second Cause of Action hereinbelow, the contents of which are repled
25 and incorporated herein, word for word, as if separately repled), also constitutes a
26 violation of §54(c) and §54.1(d) California Civil Code, thus independently justifying
27 an award of damages and injunctive relief pursuant to California law, including but

28

1 | not limited to §§54.3 and 55 Civil Code.

2 |     16.   **INJUNCTIVE RELIEF:** Ms. Martin seeks injunctive relief to prohibit
3 | the acts and omissions of Defendants as complained of herein which are continuing
4 | on a day-to-day basis and have the effect of wrongfully excluding Ms. Martin and
5 | other members of the public who are physically disabled wheelchair users from full
6 | and equal access to the Restaurant and its facilities. Such acts and omissions are the
7 | cause of humiliation and mental and emotional suffering of Ms. Martin in that these
8 | actions continue to treat Ms. Martin as an inferior and second class citizen and serve
9 | to discriminate against her on the sole basis that she is a person with disabilities and
10 | requires the use of a wheelchair for movement in public places; Ms. Martin is
11 | unable, so long as such acts and omissions of Defendants continue, to achieve equal
12 | access to and use of this public Restaurant and its facilities. Ms. Martin is unable,
13 | so long as such acts and omissions of Defendants continue, to achieve equal access
14 | to and use of the Restaurant and its facilities. Until Defendants make the Restaurant
15 | and its facilities accessible to and useable by Ms. Martin, she is deterred from
16 | returning to and using the Restaurants and its facilities. Ms. Martin wishes to return
17 | to and use the Restaurant as soon as it is accessible to her in compliance with
18 | federal and state laws and regulations. The acts of Defendants have proximately
19 | caused and will continue to cause irreparable injury to Ms. Martin if not enjoined by
20 | this court.

21 |     17.   **DAMAGES:** As a result of the denial of equal access to the
22 | Restaurant and its facilities, and due to the acts and omissions of Defendants and
23 | each of them in owning, operating, leasing, constructing, altering, and maintaining
24 | the subject facility, Ms. Martin suffered a violation of her Civil Rights including
25 | but not limited to rights under §§ 54 and 54.1 Civil Code, and suffered physical
26 | injury, discomfort and pain, mental and emotional distress, embarrassment and
27 | humiliation, all to her damages as hereinafter stated. Defendants' actions and

28 |

1   omissions to act constituted discrimination against Ms. Martin on the sole basis that
2   she was physically disabled and unable, because of the architectural barriers created
3   and/or maintained by the Defendants in violation of the subject laws, to use the
4   Restaurant and its  facilities on a full and equal basis as other persons.  Ms. Martin
5   also seeks trebling of all actual damages, general and special, as provided by §54.3
6   Civil Code.

7          18.    **FEES AND COSTS:**  As a result of Defendants' acts, omissions, and
8   conduct, Ms. Martin has been required to incur attorneys' fees, litigation expenses,
9   and costs as provided by statute, in order to enforce her rights and to enforce
10  provisions of the law protecting access for disabled persons and prohibiting
11  discrimination against disabled persons.  Ms. Martin therefore seeks recovery of all
12  reasonable attorney's fees and costs, pursuant to the provisions of §54.3 Civil Code.
13  Additionally, Ms. Martin's lawsuit is intended not only to obtain compensation for
14  damages to Ms. Martin, but also to force the Defendants to make the Restaurant and
15  its  facilities accessible to all disabled members of the public, justifying "public
16  interest" attorneys' fees, litigation expenses and costs pursuant to the provisions of
17  §1021.5 Code of Civil Procedure.

18         19.    Wherefore Ms. Martin asks this court to preliminarily and permanently
19  enjoin any continuing refusal by Defendants to grant such access to Ms. Martin and
20  to require Defendants to comply forthwith with the applicable statutory requirements
21  relating to access for disabled persons.  Such injunctive relief is provided by §19953
22  Health & Safety Code and California Civil Code §55,  and other law.  Ms. Martin
23  further requests that the court award damages pursuant to Civil Code §54.3 and other
24  law and statutory costs and attorney fees pursuant to §19953 Health & Safety Code,
25  Civil Code §54.3 and 55,  Code of Civil Procedure §1021.5 and other law, all as
26  hereinafter prayed for.

27         Wherefore Ms. Martin prays for relief as hereinafter stated:

28

1

## SECOND CAUSE OF ACTION:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
## 42 USC §12101FF

2

3      20.    Ms. Martin repleads and incorporates by reference, as if fully set forth

4    again herein, the allegations contained in   Paragraphs 1 through 19 of this

     Complaint, and incorporates them herein as if separately repled.

5

6      21.    Pursuant to law, in 1990 the United States Congress made findings per

7    42 USC §12101 regarding physically disabled persons, finding that laws were

     needed to more fully protect "some 43 million Americans [with] one or more

8
     physical or mental disabilities;" that "historically society has tended to isolate and
9
     segregate individuals with disabilities;" that "such forms of discrimination against
10
     individuals with disabilities continue to be a serious and pervasive social problem;"
11
     that "the Nation's proper goals regarding individuals with disabilities are to assure
12
     equality of opportunity, full participation, independent living and economic self
13
     sufficiency for such individuals;" and that "the continuing existence of unfair and
14
     unnecessary discrimination and prejudice denies people with disabilities the
15
     opportunity to compete on an equal basis and to pursue those opportunities for which
16
     our free society is justifiably famous. . . ."
17
       22.    Congress stated as its purpose in passing the Americans with
18
     Disabilities Act (42 USC §12101(b))
19
         It is the purpose of this act
20       (1) to provide a clear and comprehensive national mandate for the
         elimination of discrimination against individuals with disabilities;
21
         (2) to provide clear, strong, consistent, enforceable standards addressing
22       discrimination against individuals with disabilities;

23       (3) to ensure that the Federal government plays a central role in enforcing the
         standards established in this act on behalf of individuals with disabilities; and
24
         (4) to invoke the sweep of Congressional authority, including the power to
25       enforce the 14th Amendment and to regulate commerce, in order to address
         the major areas of discrimination faced day to day by people with disabilities.
26       (Emphasis added)

27     23.    As part of the Americans with Disabilities Act, Public Law 101-336,

28

Complaint for Damages and Injunctive Relief          -8-

1 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and
2 Services Operated by Private Entities" (42 USC 12181ff). Among "private entities"
3 which are considered "public accommodations" for purposes of this title are a "... a
4 restaurant, bar or other establishment serving food or drink." (§301(7)(B) .

5      24.    Pursuant to §302, 42 USC §12182, "No individual shall be
6 discriminated against on the basis of disability in the full and equal enjoyment of the
7 goods, services, facilities, privileges, advantages, or accommodations of any place
8 of public accommodation by any person who owns, leases, or leases to, or operates
9 a place of public accommodation."

10      25.    Among the specific prohibitions against discrimination were included:
11 §302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices
12 or procedures when such modifications are necessary to afford such goods, services,
13 facilities, privileges, advantages or accommodations to individuals with
14 disabilities...;"

15 §302(b)(A)(iii): "a failure to take such steps as may be necessary to ensure that no
16 individual with a disability is excluded, denied service, segregated, or otherwise
17 treated differently than other individuals because of the absence of auxiliary aids and
18 services...:"

19 §302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication
20 barriers that are structural in nature, in existing facilities... where such removal is
21 readily achievable;"

22 §302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier
23 under clause (iv) is not readily achievable, a failure to make such goods, services,
24 facilities, privileges, advantages, or accommodations available through alternative
25 methods if such methods are readily achievable." The acts and omissions of
26 Defendants set forth herein were in violation of Ms. Martin's rights under the ADA,
27 Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

28

1    26.   The removal of each of the barriers complained of by Ms. Martin  as
2  hereinabove alleged, were at all times herein mentioned "readily achievable" under
3  the standards of the Americans With Disabilities Act.  As noted hereinabove,
4  removal of each and every one of the architectural barriers complained of herein
5  were also required under California law. On information and belief, access in certain
6  particulars were also required by alterations and additions to the premises occurring
7  after January 26, 1993, pursuant to section 303 of the ADA (42 USC 12183).

8    27.   On information and belief, as of the date of Ms. Martin's visit, and as
9  of the date of the filing of this Complaint, the premises denied full and equal access
10  to Ms. Martin and to other disabled wheelchair users in other respects, which
11  violated Ms. Martin's rights to full and equal access and which discriminate against
12  Ms. Martin on the basis of his disability, thus wrongfully denying to Ms. Martin the
13  full and equal enjoyment of the goods, services, facilities, privileges, advantages and
14  accommodations, in violation of §302 of the ADA, 42 USC §12182. Said premises
15  continue on a day to day basis to deny Ms. Martin and other disabled persons such
16  full and equal access.

17    28.   Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308,
18  Ms. Martin is entitled to the remedies and procedures set forth in §204(a) of the Civil
19  Rights Act of 1964, 42 USC 2000(a)-3(a), as Ms. Martin is being subjected to
20  discrimination on the basis of disability in violation of this title or has reasonable
21  grounds for believing that s      he is about to be subjected to discrimination in
22  violation of §302. On information and belief, Defendants have continued to violate
23  the law and deny the rights of Ms. Martin and of other disabled persons to access this
24  public accommodation since on or before Ms. Martin's visit. Pursuant to §308(a)(2),
25  "In cases of violations of §302(b)(2)(A)(iv)... injunctive relief shall include an order
26  to alter facilities to make such facilities readily accessible to and usable by
27  individuals with disabilities to the extent required by this title."

28

Complaint for Damages and Injunctive Relief          -10-

1    29.    Ms. Martin seeks relief pursuant to remedies set forth in §204(a) of the

2    Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal

3    Regulations adopted to implement the Americans with Disabilities Act of 1990. Ms.

4    Martin is a person for purposes of Section 308(a) of the ADA who is being subjected

5    to discrimination on the basis of disability in violation of Title III and who has

6    reasonable grounds for believing he will be subjected to such discrimination each

7    time that he may attempt to use the facilities.

8              Wherefore Ms. Martin prays for relief as hereinafter stated:

9                                      **PRAYER**

10    1.    Issue a preliminary and permanent injunction directing Defendants as

11   owners, operators, lessors and /or lessees of the subject Restaurant and facilities to

12   modify the above described   facilities so that each provides adequate access to all

13   citizens, including persons with disabilities; and issue a preliminary and permanent

14   injunction directing Defendants to provide  facilities usable by Ms. Martin  and

15   similarly situated persons with disabilities, and which provide full and equal access,

16   as required by law;

17    2.    Retain jurisdiction over the Defendants until such time as the Court is

18   satisfied that Defendants' unlawful policies, practices, acts and omissions, and

19   maintenance of inaccessible public facilities as complained of herein no longer

20   occur, and will not recur;

21    3.    Award to Ms. Martin all appropriate damages, including but not limited

22   to statutory damages, general damages and special damages in an amount within the

23   jurisdiction of the  Court, treble damages pursuant to Civil Code Section 54.3, all

24   according to proof.

25    4.    Award to Ms. Martin  reasonable attorneys' fees,  litigation expenses,

26   and  costs of this proceeding as provided by law;  and

27    5.    Grant such other and further relief as this Court may deem just and

28

Complaint for Damages and Injunctive Relief         -11-

1  proper.

2  Dated: 12/19/08                    SIDNEY J. COHEN
                                      PROFESSIONAL CORPORATION
3

4

5                          By _____
                              Sidney J. Cohen
6                             Attorney for Plaintiff Carolyn Martin

7              DEMAND FOR JURY TRIAL

8          Plaintiff hereby demands a jury for all claims for which a jury is

9  permitted.

10 Dated: 12/19/08                    SIDNEY J. COHEN
                                      PROFESSIONAL CORPORATION
11

12

13                         By _____
                              Sidney J. Cohen
14                            Attorney for Plaintiff Carolyn Martin

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Damages and Injunctive Relief          -12-